# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:                                )
                                      )
RANDI MICHELLE NIMITZ                 )    Case No. 19-12741-BFK
                                      )    Chapter 7
                                      )
        Debtor.                       )
_____)

## MEMORANDUM OPINION AND
## ORDER AWARDING SANCTIONS
## FOR VIOLATION OF THE AUTOMATIC STAY

This matter came before the Court on the Debtor's Motion for Sanctions for violation of the automatic stay against J. Douglas Griffin and J. Douglas Griffin, PLLC (together, the "Respondents"). Docket No. 17. The Respondents filed a Response to the Motion. Docket No. 19. The Court heard the parties' arguments on November 5, 2019. The Court will grant the Debtor's Motion, finding that the Respondents violated the automatic stay.

### Findings of Fact

The facts are not in dispute.

*A. Ms. Nimitz's Bankruptcy Case.*

1.      The Debtor, Randi Michelle Nimitz, filed a Voluntary Petition under Chapter 7 with this Court on August 20, 2019. Docket No. 1.

2.      In the mailing matrix attached to her Petition, the Debtor identified J. Douglas Griffin, PLLC, as a creditor. *Id.*, p. 9.

3.      The Clerk mailed a copy of the Notice of Bankruptcy and of Meeting of Creditors to the creditors, including J. Douglas Griffin, PLLC, on August 23, 2019. Docket No. 7.

1

4. At the hearing on November 5, 2019, Mr. Griffin acknowledged having received notice of the bankruptcy filing.

5. In her Schedules, Ms. Nimitz listed a pending wage garnishment in the amount of $1,000.00 as an asset. Docket No. 15, p. 7. She exempted this amount in her Schedule C. *Id.*, p. 11.

6. The Chapter 7 Trustee filed a Report of No Distribution in the case, thereby abandoning any interest in the garnished wages. Docket No. 16.

B. *The Garnishment Proceeding.*

7. At the time that she filed her Voluntary Petition, Ms. Nimitz was the subject of a garnishment proceeding against her employer in the Loudoun County General District Court, initiated by the Respondents (the Respondents were former counsel for Ms. Nimitz in her divorce case). Docket No. 17-1.

8. The General District Court entered a Judgment in that case in favor of the Respondents on September 28, 2018, in the amount of $10,310.75, plus interest and costs. *Id.*, p. 2.

9. The return date for the garnishment was October 23, 2019. *Id.*, p. 5.

10. Prior to the return date, Ms. Nimitz's counsel filed a Suggestion of Bankruptcy with the General District Court. *Id.*, pp. 8-10.

11. On September 12, 2019, counsel for the Debtor faxed a letter to the Respondents advising them of the bankruptcy filing. Docket No. 17-2, pp. 2-5.

12. On October 9, 2019, counsel for the Debtor faxed a second letter to the Respondents, this time requesting a release of the garnishment. *Id.*, pp. 8-9.

13. The Respondents wrote back on October 9, 2019, stating:

> I am not aware of any statute or opinion that requires me to take affirmative action to terminate an ongoing garnishment that was issued by the Court months prior to a bankruptcy filing. If you have precedential authority to the contrary, then please provide that to me and I will certainly do my best to comply with the law. However, I am not currently aware of any court procedure in this Court that would allow me to file a motion to terminate the garnishment and have the Court address this matter in advance of the previously scheduled return date, which is now less than 2 weeks away.
>
> It is my understanding that you filed a Suggestion of Bankruptcy with the Court in mid-September 2019 and if the Court were inclined to terminate the garnishment, then it certainly could have when the Suggestion was filed. It is my intention to appear in Court on October 23, 2019, inform the Court of the ongoing bankruptcy, to the extent that the Judge is not aware of the bankruptcy proceeding, and have this matter addressed as the Court determines appropriate.

*Id.*, pp. 11-12.

14. The Debtor filed her Motion and Notice of Motion with this Court on October 14, 2019. Docket Nos. 17, 18.

15. The Clerk of Court has since returned the garnished funds to the Debtor's employer, where presumably they will be disbursed to her in her next paycheck.

16. At the hearing on November 5, 2019, Mr. Griffin advised the Court that upon receipt of the letter from Debtor's counsel he performed some legal research, and that he asked a colleague whether he was required to release the garnishment. He stated that he does not practice bankruptcy law.

17. At the conclusion of the hearing the Court took the matter under advisement. The Court also requested counsel for the Debtor to submit a statement of her legal fees, which she has done, in the event that the Court found in favor of the Debtor. Docket No. 23.

18. The Respondents filed a Response and Objection to the Debtor's request for attorney's fees on November 22, 2019. Docket No. 25.

**Conclusions of Law**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Bankruptcy Code Section 362(a)(3) prohibits:

> any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

11 U.S.C. § 362(a)(3) (2018).

The Fourth Circuit has described the importance of the automatic stay, as follows:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from its creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

*Grady v. A.H. Robins Co., Inc.*, 839 F.2d 198, 200 (4th Cir. 1988) (quoting H.R. Rep. No. 95–595, at 340–41 (1977); S. Rep. No. 95–989, at 54–55 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840, 6296–97).

When an individual is injured by a willful violation of the automatic stay, Section 362(k)(1) of the Bankruptcy Code provides that the individual "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1) (2018). In order to constitute willfulness, "the creditor need not act with specific intent, but must only commit an intentional act with knowledge of the automatic stay." *Gordon Props., LLC v. First Owners Ass'n of Forty Six Hundred (In re Gordon Props., LLC)*, 460 B.R. 681, 690 (Bankr. E.D. Va. 2011) (quoting *Citizens Bank of Md. v. Strumpf*, 37 F.3d 155. 159 (4th Cir. 1994), *rev'd on other grounds*, 516 U.S. 16 (1995)); *see Budget Serv. Co.*

*v. Better Homes*, 804 F.2d 289, 292–93 (4th Cir. 1986); *Skillforce, Inc. v. Hafer*, 509 B.R. 523, 533 (E.D. Va. 2014).

In order to prove a claim under Section 362(k)(1), a party must establish: (1) that a violation occurred; (2) that the violation was committed willfully; and (3) that the violation caused actual damages. *Skillforce*, 509 B.R. at 529. A debtor "must prove the willful violation of an automatic stay by clear and convincing evidence and must prove damages by a preponderance of the evidence." *Id.* (footnote omitted). As Judge Ellis held in the *Skillforce* case:

> A creditor or the creditor's legal representative has an affirmative duty, post-petition, to discontinue any proceeding it has initiated or continued, or to take other appropriate steps to halt that proceeding if the proceeding: (i) jeopardizes or threatens in any way the integrity of the bankruptcy estate, or (ii) exposes the debtor to harassment or coercion or otherwise inhibits the debtor's "breathing spell from [her] creditors."

*Id.* at 531 (footnote omitted).

    A. *The Respondents' Refusal to Release the Garnishment Violated Section 362(a)(3).*

This Court has held that the failure to release a garnishment upon the filing of a bankruptcy petition violates the automatic stay. *Brugueras v. Tidewarter Fin. Co. (In re Brugueras)*, No. 11-17803-BFK, 2012 WL 6055603, at *7 (Bankr. E.D.Va. Dec. 6, 2012); *In re Manuel*, 212 B.R. 517, 519 (Bankr. E.D.Va. 1997) ("[t]here can be little question that the continuation postpetition of a garnishment proceeding against a debtor is a violation of the automatic stay"); *Baum v. United Va. Bank (In re Baum)*, 15 B.R. 538, 541 (Bankr. E.D. Va. 1981) (creditor has a "responsibility to stop the downhill snowballing of a continuing garnishment"). In *In re Hafer*, this Court held that the creditor was obligated to dismiss or withdraw a summons for debtor's interrogatories in the State court, rather than continue the hearing pending the debtor's discharge. No. 13-1-569-BFK, 2013 WL 5925167, at *5 (Bankr.

5

E.D. Va. Nov. 5, 2013). Senior District Judge Ellis agreed with this, though he remanded the case for a determination on damages. *Skillforce*, 509 B.R. at 534-35.

In fairness to the Respondents, the issue of a refusal to release seized property upon a bankruptcy filing is now the subject of some controversy in the case law. The majority of Circuit Courts to look at the issue have decided that creditors are under an affirmative obligation to release seized property. *In re Fulton*, 926 F.3d 916 (7th Cir. 2019); *Weber v. SEFCU (In re Weber)*, 719 F.3d 72 (2d Cir. 2013); *Motors Acceptance Corp. v. Rozier (In re Rozier)*, 376 F.3d 1323, 1324 (11th Cir. 2004) (per curiam); *Cal. Emp't Dev. Dept. v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147 (9th Cir. 1996); *Knaus v. Concordia Lumber Co., Inc. (In re Knaus)*, 889 F.2d 773 (8th Cir. 1989). On the other hand, the minority of Circuit Courts – the Third Circuit, the D.C. Circuit and the Tenth Circuit – have held that creditors do not violate the automatic stay merely by "maintaining the status quo." *In re Denby-Peterson*, 941 F.3d 115, 2019 WL 5538570 (3d Cir. 2019); *WD Equip., LLC v. Cowen (In re Cowen)*, 849 F.3d 943 (10th Cir. 2017); *United States v. Inslaw, Inc.*, 932 F.2d 1467 (D.C. Cir. 1991). The Fourth Circuit has not addressed the issue. The question usually arises in the context of tangible collateral such as a vehicle that has been repossessed pre-petition but not yet sold; the principles are the same, though, in the case of garnished funds that have not yet been paid over to the creditor.[1]

In *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), the Supreme Court held that property seized pre-petition, but which had not yet been liquidated, remains property of the bankruptcy estate. Further, the Court held that the turnover provision of the Code, Section 542(a), "grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings." *Whiting Pools*, 462 U.S. at 207. *Whiting*

---

[1] Bankruptcy Judge Teel in D.C. issued a particularly thoughtful opinion on the issue, adopting the minority position, in *In re Young*, 193 B.R. 620 (Bankr. D.C. 1996).

*Pools* acknowledges that creditors are entitled to adequate protection of their interests in property pursuant to Section 363(e) of the Bankruptcy Code; but, it is incumbent upon the creditor to move for adequate protection promptly. *Whiting Pools*, 462 U.S. at 204 (Congress allowed for adequate protection "[a]t the secured creditor's insistence"); *see also In re Fulton*, 926 F.3d, at 924 ("The creditor acknowledged, and we agreed [in *Thompson v. General Motors Acceptance Corp.*, 566 F.3d 699 (7th Cir. 2009)] that it has the burden of requesting protection of its interest in the asset under § 363(e)."); *In re Weber*, 719 F.3d, at 81 ("The provisions authorizing imposition of such protection [Sections 362(d) and 363(e)] operate only upon application of the creditor to the Bankruptcy Court. Unlike section 542(a), these are not self-executing."); *Thompson v. General Motors Acceptance Corp. (In re Thompson)*, 566 F.3d 699, 704 (7th Cir. 2009) ("[i]f a creditor is allowed to retain possession, then this burden is rendered meaningless— a creditor has no incentive to seek protection of an asset of which it already has possession"). It is true, as suggested by the Third Circuit in *Denby-Peterson* that the Debtor's right to a turnover under Section 542(a) may not be "self-executing" – Bankruptcy Rule 7001 requires the debtor to file an adversary proceeding to compel a turnover – but a creditor's intransigence in returning property to the debtor (despite Section 542(a)'s use of the mandatory "shall") cannot diminish the debtor's right to be free from an exercise of control over her property under Section 362(a)(3). The Court concludes, therefore, that the Respondents have violated Section 362(a)(3) by continuing to exercise control over the garnished funds post-petition.[2]

      The Respondents further argue that a dismissal before the return date of the garnishment would have required a dismissal of the entire garnishment, including wages that were earned

---

[2] In any event, the Court views Judge Ellis's decision in *Skillforce*, a published decision of the District Court which held that "a creditor or a creditor's legal representative has an affirmative duty, post-petition, to discontinue any proceeding it has initiated or continued" to be binding law in this District.

outside of the 90-day period preceding the bankruptcy. Response and Opposition, p. 4 ("If the process as set forth in this code section [Va. Code § 8.01-516.1(B)] is utilized then ALL of the funds withheld pursuant to the garnishment must be released and returned to the Debtor.") (emphasis in original). In *In re Wilkinson*, 196 B.R. 311 (Bankr. E.D. Va. 1996) (decided 23 years ago), Judge Mitchell made the distinction between wages that are paid over to the creditor pursuant to an order of payment and wages that have not been paid to the creditor. He noted:

> Here, the debtor no longer had an interest in the withheld wages when he filed for bankruptcy relief, since they had been paid over to the judgment creditor more than six weeks earlier. Had the order for payment not yet been entered, however—in other words, had the bankruptcy filing intervened before the withheld wages were paid over to the judgment creditor—the result would have been very different. Even if the wages withheld were entirely earned after the execution lien arose, the debtor would nevertheless have had an "interest" in the wages as they were earned that would entitle him to avoid the execution lien. *In re Johnson*, 53 B.R. 919 (Bankr. N.D. Ill.1985) (judgment debtor continues to have an interest in wages being withheld pursuant to a valid wage deduction proceeding until such time as a final deduction order is entered); *General Motors Acceptance Corporation v. Garcia (In re Garcia)*, 155 B.R. 173, 175 (N.D. Ill. 1993) "[A]lthough the garnishment summons creates a lien on the debtor's wages, it does not divest the debtor of his or her interest in the wages . . . [U]ntil the court enters the wage deduction order, the debtor maintains an interest in those wages"). This is particularly true in Virginia, since, as noted above, the funds withheld in obedience to the garnishment summons may be exempted up until an order for payment is entered. Wilson, *supra*. Accordingly, in the present case, the debtor had an interest in the garnished wages until October 11, 1995. Once the order of payment was entered October 11, however, the debtor's interest in the wages was extinguished.

196 B.R. at 317. In this case, it did not matter that a portion of the wages were earned outside of the 90 days because they had not been paid over to the creditor. The Debtor retained an interest in the *all* of the garnished wages at the time of her bankruptcy filing. Although the Debtor's ability to avoid a preferential transfer under Section 522(h) is limited to transfers occurring within the 90 days preceding the bankruptcy case (one year for transfers to insiders), the Debtor's ability to avoid transfers under Section 522(f) (that is, to avoid judicial liens that impair

8

the Debtor's right to exempt her property) and 522(i) (the ability to recover the value of the transfer) is not so limited.

In fact, this case is even more compelling than the majority-rule cases cited above, in that the Respondents have never asserted that they have a legal interest in the garnished funds superior to the Debtor's right to exempt the funds. The Respondents have not challenged the Debtor's claim that the funds are exempt. The Debtor would have been entitled to avoid any lien arising by virtue of the garnishment under Bankruptcy Code Sections 522(f), (h) and (i). *See In re Brugueras*, 2012 WL 6055603, at *2-4. The Respondents have not moved for adequate protection, and have not articulated any reason why the funds should not be released to the Debtor. Secured creditors at times may have legitimate reasons for resisting a turnover of property to the debtor – when a vehicle, for example, is uninsured. Here, the Respondents had no legal basis not to release the garnishment.

The Court views the ordinary and plain reading of the phrase "to exercise control" to preclude the creditor's refusal to release the Debtor's funds from a pre-petition garnishment. The Court finds that the Respondents have violated the automatic stay.

*B. The Debtor's Damages.*

The burden is on the Debtor to prove her damages by a preponderance of the evidence. *Skillforce*, 509 B.R. at 533; *Charity v. NC Fin. Sols. of Utah (In re Charity)*, No. 16-31974-KLP, 2017 WL 358-0173, at *9 (Bankr. E.D. Va. Aug. 5, 2017); *In re Seaton*, 462 B.R. 582, 595 (Bankr. E.D. Va. 2011).

Here, other than the Debtor's attorney's fees, the Debtor has suffered no damages. She has been deprived temporarily of the use of the garnished funds, but they will be returned to her shortly. She did not appear at the hearing before this Court on November 5, 2019, and she did

9

not testify to any time lost from work, for example, to appear at the return date in Loudoun County. The Court finds that the Debtor has not suffered any damages other than her attorney's fees, which the Court will address below.

    *C. Punitive Damages.*

Section 362(k) permits an award of punitive damages. 11 U.S.C. § 362(k). An award of punitive damages is "within the discretion of the trial court and proper only in appropriate circumstances." *In re Gallo*, No. 07-10958C-13G, 2012 WL 3930320, at *3 (Bankr. M.D. N.C. Sept. 10, 2012) (citing *Davis v. IRS*, 136 B.R. 414, 423 n.20 (E.D. Va. 1992)). "Appropriate circumstances ordinarily are those in which the creditor has demonstrated egregious, vindictive or intentional misconduct." *Id.*; *see also Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 190 (Bankr. E.D. Va. 2000) ("[W]hether expressed as 'egregious conduct,' 'malevolent intent,' or 'clear disregard of the bankruptcy laws,' each of these decisions appear to employ a finding of creditor conduct beyond willfulness or deliberation and more closely resembling a specific intent to violate the discharge injunction in order to assess punitive damages.")

The Court does not find the actions of the Respondents to be an egregious violation of the automatic stay, nor does the Court find that the Respondents acted with malevolent intent. The Court would describe the Respondents' efforts to research the legal issue as minimal. Cases like *Skillforce* and *Brugueras* were decided years ago and are easily located, but this does not rise to the level of egregiousness necessary for an award of punitive damages.

The Debtor's request for an award of punitive damages will be denied.

    *D. Attorney's Fees.*

Finally, Section 362(k) permits an award of attorney's fees. In *Seaton*, Chief Judge St. John noted that fees must be reasonable and necessary. 462 B.R. at 604. Further, the Chief Judge

held that "[t]he policy of section 362[k], to discourage willful violations of the automatic stay, is tempered by a reasonableness standard born of courts' reluctance to foster a 'cottage industry' built around satellite fee litigation." *Id*. (quoting *In re Robinson*, 228 B.R. 75, 85 (Bankr. E.D.N.Y. 1998)).

In this case, although the Debtor has not suffered any real damages, the garnishment was released only as a result of counsel for the Debtor's efforts. This Motion was not brought solely, or even primarily, for the recovery of attorney's fees. The fees were incurred in enforcing the Debtor's legal right to the release of her property. The Court, therefore, finds that an award of attorney's fees is warranted.

The Court has reviewed counsel for the Debtor's submission on her fees, seeking a total of $2,366.00. The Response and Opposition filed by the Respondents is essentially a restatement of their position at the hearing in this matter, as opposed to taking issue with the reasonableness of the Debtor's counsel's fees. The Respondents argue that they were "unable to find any precedential authority stating that a dismissal of the garnishment was required" (Response and Opposition, p. 2), but as noted above, Judge Ellis's Opinion in *Skillforce* and this Courts' decision in *Brugueras* were decided years ago. *Manuel* was decided in 1997; *Baum* in 1981.

The Court, having independently reviewed the fee request, finds that the fees are reasonable and were incurred to prosecute the Debtor's legal right to a release of the garnished funds. The Court, therefore, will award the Debtor $2,366.00 in legal fees, to be paid by the Respondents within 14 days of the entry of this Order.

**Conclusion**

It is therefore **ORDERED**:

1.      The Respondents are held to be in violation of Section 362(a)(3) of the Code. The Court awards the sum of **$2,366.00** for the Debtor's attorney's fees against the Respondents, jointly and severally, payable within 14 days of the entry of this Order.

2.      The Clerk will mail copies of this Memorandum Opinion and Order, or will provide cm-ecf notice of its entry, to the parties below.


Date: __Dec 11 2019_____          /s/ Brian F. Kenney_____
                                        Brian F. Kenney
Alexandria, Virginia                    United States Bankruptcy Judge

                                        Entered on Docket: December 16, 2019

Copies to:
Randi Michelle Nimitz
20638 Furr Rd.
Round Hill, VA 20141
*Chapter 7 Debtor*

Ashley Frances-May Morgan
Ashley F. Morgan Law, PC
722 Grant Street Suite G
Herndon, VA 20170
*Counsel for the Debtor*

J. Douglas Griffin
J. Douglas Griffin, Attorney at Law, PLLC
15 Wirt Street
S.W. Leesburg, VA. 20175
*Respondents*